# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE E. MITCHELL,<br><br>       Petitioner,<br><br>v.<br><br>DIR. OF CORRECTIONS,<br><br>       Respondent. | Case No.: 17-cv-1204-GPC-BLM<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

  Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 30, 2017. (ECF No. 1.) On July 25, 2017, this Court dismissed the case without prejudice and with leave to amend because Petitioner had failed to satisfy the filing fee requirement, had failed to name a proper respondent, and had failed to allege exhaustion of his state judicial remedies. (ECF No. 2.) Petitioner was given until September 11, 2017, to pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee and submit a first amended petition that cured the pleading deficiencies outlined in the July 25, 2017 Order.

  On August 16, 2017, Petitioner filed a motion to proceed in forma pauperis which the Court granted on August 18, 2017. (ECF Nos. 3, 6.) On September 11, 2017, Petitioner filed an "Amended Complaint" (ECF No. 10), which the Court construes as an amended petition.

## FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner," and "state the facts supporting each ground." *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). While courts should interpret pro se pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), this does not require the court to ferret out unstated grounds for relief.

The Court finds that the amended petition contains indecipherable allegations and asserts no grounds for relief. This Court would have to engage in an exceedingly tenuous analysis in order to attempt to identify and make sense of the amended petition. As a result, the Court is unable to conclude that there is any "real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

It also appears that a § 2254 petition may not be the appropriate vehicle for Petitioner to pursue the relief he seeks. Such petitions may assert only that a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner claims prison officials are engaging in behavior that prevents him from pursuing "an adequate defense and/or appeal." (Am. Pet., ECF No. 10 at 1.) He also alleges that "prison conditions [are] not permitting [him] to meet court['s] stringent standards." (*Id.*) Without the benefit of further allegations, the Court cannot determine whether Petitioner is asserting that he is being held in custody by a state in violation of federal law. If Petitioner seeks to challenge the conditions of his confinement, he must file an action under 42 U.S.C. § 1983. *See Nettle v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

The Court warns Petitioner that he must also exhaust state judicial remedies before seeking relief under § 2254. State prisoners who wish to challenge their state court

conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)–(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *Granberry*, 481 U.S. at 133–34. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

The Court also cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). Absent some other basis for tolling, however, the statute of limitations does run while a federal

habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

## **CONCLUSION**

The Court **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than November 24, 2017**, file a Second Amended Petition that cures the pleading deficiencies described above.

Petitioner is advised that if he has not submitted a second amended petition—asserting a cognizable challenge to his custody based on a violation of federal law and alleging exhaustion of his state court remedies with regard to any claims—by November 24, 2017, he will have to start over by filing a completely new habeas petition in this Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: September 20, 2017

Hon. Gonzalo P. Curiel
United States District Judge